UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MELVIN L. DILLON,<br><br>　　　　　　　　Plaintiff<br><br>　　v.<br><br>CORE CIVIC, *et al.*,<br><br>　　　　　　　　Defendants | Case No.  2:20-cv-01436-APG-DJA<br><br>**ORDER** |

**I.    DISCUSSION**

On August 3, 2020, Plaintiff Melvin L. Dillon, an inmate in the custody of the Nevada Southern Detention Center ("NSDC"), submitted a civil rights complaint under 42 U.S.C. § 1983 and filed an application to proceed *in forma pauperis*. (ECF Nos. 1-1, 1). Plaintiff's application to proceed *in forma pauperis* is incomplete. Plaintiff has not submitted an application to proceed *in forma pauperis* on this Court's approved form, a fully completed financial certificate, or an inmate account statement for the previous six-month period. If Plaintiff has not been at the NSDC facility a full six-month period, Plaintiff must still submit an inmate account statement for the dates he has been present at the facility.

Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, an inmate seeking to begin a civil action in this Court may apply to proceed *in forma pauperis* in order to file the civil action without prepaying the full $400 filing fee. Plaintiff may <u>not</u> evade this requirement merely by signing a complaint filed with someone else. <u>Each</u> Plaintiff must either pay the filing fee or file a complete application to proceed in forma pauperis.

To apply for *in forma pauperis* status, the inmate must submit <u>all three</u> of the following documents to the Court:

(1) a completed **Application to Proceed *in Forma Pauperis* for Inmate**, this Court's approved form (i.e. pages 1 through 3 with the inmate's two signatures on page 3),

(2) a **Financial Certificate** properly signed by both the inmate and a prison or jail official (i.e. page 4 of this Court's approved form), and

(3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**. If Plaintiff has not been at the facility a full six-month period, Plaintiff must still submit an inmate account statement for the dates he has been present at the facility.

Accordingly, the Court denies Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) without prejudice because the application is incomplete. The Court will grant Plaintiff a **one-time extension** to file a fully complete application to proceed *in forma pauperis* containing all three of the required documents. Plaintiff will file a fully complete application to proceed *in forma pauperis* on or before **October 5, 2020**. Absent unusual circumstances, the Court will not grant any further extensions of time. If Plaintiff does not file a fully complete application to proceed *in forma pauperis* with all three required documents on or before **October 5, 2020**, the Court will dismiss his case without prejudice for Plaintiff to file a complaint in a new case with the Court when Plaintiff either files all three of the documents needed to file a fully complete application to proceed *in forma pauperis* or pays the full $400 filing fee.

A dismissal without prejudice means Plaintiff does not give up the right to refile the case with the Court, under a new case number, when Plaintiff files all three documents needed to submit with the application to proceed *in forma pauperis*. Alternatively, Plaintiff may choose not to file an application to proceed *in forma pauperis* and instead pay the full filing fee of $400 on or before **October 5, 2020** to proceed with this case.

**II.    CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is denied without prejudice to file a new fully complete application to proceed *in forma pauperis* with all three documents.

IT IS FURTHER ORDERED that the Clerk of the Court will send Plaintiff the approved form application to proceed *in forma pauperis* by an inmate, as well as the

document entitled information and instructions for filing an *in forma pauperis* application.

IT IS FURTHER ORDERED that on or before **October 5, 2020**, Plaintiff will either pay the full $400 filing fee for a civil action (which includes the $350 filing fee and the $50 administrative fee) or file with the Court:

(1) a completed **Application to Proceed *in Forma Pauperis* for Inmate** on this Court's approved form (i.e. pages 1 through 3 of the form with Melvin L. Dillon's two signatures on page 3),

(2) a **Financial Certificate** properly signed by both Melvin L. Dillon and a prison or jail official (i.e. page 4 of this Court's approved form), and

(3) a copy of **Melvin L. Dillon's prison or jail trust fund account statement for the previous six-month period**. If Plaintiff has not been at the facility a full six-month period, Plaintiff must still submit an inmate account statement for the dates he has been present at the facility.

IT IS FURTHER ORDERED that, if Plaintiff does not file a fully complete application to proceed *in forma pauperis* of his own with all three documents or pay the full $400 filing fee for a civil action on or before **October 5, 2020**, the Court will dismiss his action without prejudice for Plaintiff to refile a case with the Court, under a new case number, when Plaintiff files all three documents needed to file a complete application to proceed *in forma pauperis* or pays the the full $400 filing fee.

IT IS FURTHER ORDERED that the Clerk of the Court will retain the complaint (ECF No.1-1) but will not file it at this time.

DATED:  August 6, 2020

_____
UNITED STATES MAGISTRATE JUDGE