**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

***

| | |
|---|---|
| MELVIN L. DILLON, *et al*. | |
| Plaintiffs, | 2:20-cv-01436-JAD-VCF |
| vs. | **ORDER TO SHOW CAUSE** |
| CORE CIVIC, *et al.* | **-and-** |
| Defendants. | **ORDER** |
| | Plaintiffs' Motion for Leave to Amend Complaint [ECF No. 19]; Defendant's Motion to Stay [ECF No. 23] |

Before the Court is plaintiffs' motion for leave to amend their complaint (ECF No. 19) and defendant Brian Koehn's motion to stay the deadline to file a responsive pleading pending a decision on the motion to amend (ECF No. 23). The Court grants plaintiff's motion to amend in part (ECF No. 19) and orders that plaintiffs must show cause regarding why they should not be sanctioned for failure to comply with this Court's screening order. (See ECF No. 8). The Court grants the motion to stay in part. (ECF No. 23).

**I.    Background**

On October 20, 2020, the Court granted plaintiffs' Melvin and Robert Dillion's application to proceed in forma pauperis and screened plaintiffs' complaint. (ECF No. 8). The Court held, "that their suit may proceed on a single, injunctive-relief claim against defendants Brian Koehn, Michael Carvajal,

1

and "Mr. Jefferson" to remedy alleged deliberate indifference to unsafe conditions" related to plaintiffs' allegations that officials at the Nevada Southern Detention Center did not take reasonable steps to prevent them from being infected with COVID-19. (*Id*.) The Court dismissed with prejudice and without leave to amend: (1) all claims against Correction Corp of America, Core Civic; (2) Fourteenth Amendment equal protection claims under Bivens [Count 1]; (3) Fourteenth Amendment due process claims under Bivens [Count 1]; (4) Eighth Amendment claims under Bivens [Count 2]; and (5) request for injunctive relief seeking transfer to home confinement, a halfway house, or pretrial release. (*Id*.) The Court ordered that, [T]his case proceeds only on the injunction claim in Claim 2 for a Fifth Amendment due-process violation against defendants Brian Koehn, Michael Carvajal, and Mr. Jefferson based on alleged deliberate indifference to unsafe conditions, which seeks the appointment of a liaison to be assigned to immediately have all inmates and staff tested for COVID-19 as a tool to protect against the COVID-19 virus." (*Id*.) The plaintiffs' original complaint also contained a "request for class certification," but the Court ordered that the case would proceed only as a "single action[.]"

Plaintiffs now move for leave to amend and wish to add defendants and claims that the Court has already dismissed with prejudice. For example, plaintiff's wish to add: (1) defendant "Correction Corporation of America, Core Civic Inc."; (2) Fourteenth Amendment equal protection and due process claims; (3) Eighth Amendment claims; (4) for monetary damages; and (5) injunctive relief in the form of home confinement, halfway house, reentry center, etc; and (6) class certification. (ECF No. 19). Plaintiffs also wish to add defendants Nevada Southern Detention Center (NSDC) and CoreCivic's CEO Damon Hininger as defendants and a medical negligence claim. (*Id*.)

Defendant argues in his response that plaintiffs should not be allowed to amend to add claims and defendants that the Court has already dismissed with prejudice. (ECF No. 27). Defendant also argues that NSDC and CoreCivic are one and the same since NSDC is owned and operated by CoreCivic pursuant to a correctional services agreement with the United States Marshals Service and

Immigration & Customs Enforcement. (*Id*.) Defendant also argues that plaintiffs' proposed addition of Hininger as a defendant and the addition of a medical negligence claim would not survive re-screening OR a motion to dismiss so the Court should deny the motion to amend as futile. (*Id*.) Plaintiffs argue in their reply to the motion for leave to amend that they can amend once as a matter of course. (ECF No. 28).

Defendant argues in his motion to stay that the deadline to file a responsive pleading should be stayed pending the Court's resolution of the motion to amend. (ECF No. 23). Plaintiffs argue in their response that they do not object to the defendant's request for a stay. (ECF No. 26 at 2).

**II.     Discussion**

Section 1915A(a) states that:

> Screening. — The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

"In cases where the court dismisses the initial complaint *with leave to amend*, the court would then screen the proposed amended complaint to determine what claims may proceed and whether a defendant is compelled to respond." *Olausen v. Murguia*, No. 3:13-cv-00388-MMD-VPC, 2014 U.S. Dist. LEXIS 159941, at 13 (D. Nev. Nov. 12, 2014)(emphasis added). Congress's intent in adopting the screening provision was "to conserve judicial resources by authorizing district courts to dismiss non-meritorious prisoner complaints at an early stage." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).

Pursuant to Local Rule IA 11-8, "[t]he Court may, after notice and opportunity to be heard, impose any and all appropriate sanctions on an attorney or party who, without just cause: (a) Fails to appear when required for pretrial conference, argument on motion, or trial; (b) Fails to prepare for a presentation to the Court; (c) Fails to comply with these Rules; or, (d) Fails to comply with any order of this Court."

The Court has already screened plaintiff's complaint: the Court dismissed multiple defendants

and claims **with prejudice and without leave to amend.** Plaintiffs now wish to amend as a matter of course BUT they wish to re-assert many of the same claims against the same defendants in violation of this Court's screening order. The Court finds that the plaintiffs violated this Court's Order (ECF No. 8) when they filed their motion to amend seeking to amend to add the same claims and defendants that this Court has already dismissed with prejudice. The Court will allow plaintiffs to amend their complaint, conditioned on plaintiffs showing cause why they should not be sanctioned. Possible sanctions include monetary sanctions and/or striking portions of, or their entire, proposed amended complaint for disobeying this Court's Order. Plaintiffs may not file their amended complaint on the docket until further order of the Court.

The Court grants the defendant's motion to stay the deadline to file a responsive pleading in part: the deadline is stayed until further order of the Court. The Court sua sponte stays the deadline to file a responsive pleading in this case for all defendants until further order of the Court.

Accordingly,

IT IS ORDERED that a video show cause hearing is scheduled for 10:00 AM, June 18, 2021.

IT IS FURTHER ORDERED that Plaintiffs Melvin L. Dillon and Robert J. Dillon must make an appearance for the show cause hearing via video, scheduled for 10:00 AM, June 18, 2021.

IT IS FURTHER ORDERED that on or before June 11, 2021, plaintiffs must file with the court a response showing cause as to why they should not be sanctioned for failing to comply with the Court's Order (ECF No. 8).  Should plaintiffs fail to file a response as ordered and/or fail to appear at the June 18, 2021 hearing, the undersigned Magistrate Judge may impose sanctions against plaintiffs, which may include monetary sanctions or a report and recommendation that this case be dismissed.

IT IS FURTHER ORDERED that plaintiffs' motion to amend (ECF No. 19) is granted in part: the Court will allow plaintiffs to amend their complaint **<u>conditioned</u>** on plaintiffs showing cause

4

regarding their violation of this Court's order at ECF No. 8. Plaintiffs may not file their amended complaint on the docket until further order of the Court.

IT IS FURTHER ORDERED that defendant's motion to stay (ECF No. 23) is granted in part: the deadline to file a responsive pleading for all the defendants is STAYED pending further order of the Court.

IT IS FURTHER ORDERED that counsel/the parties must email Courtroom Administrator, Tawnee Renfro at Tawnee_Renfro@nvd.uscourts.gov, with an email address to be used for the video conference hearing by noon, June 7, 2021.

IT IS ORDERED that the following Video Conference Instructions be adhered to as follows:

INSTRUCTIONS FOR THE VIDEO CONFERENCE

Instructions to the scheduled hearings will be sent via email thirty (30) minutes prior to the hearing to the participants email provided to the Court.

• Log on to the call ten (10) minutes prior to the hearing time.

• Mute your sound prior to entering the hearing.

• Do not talk over one another.

• State your name prior to speaking for the record.

• Do not have others in the video screen or moving in the background.

• No recording of the hearing.

• No forwarding of any video conference invitations.

• Unauthorized users on the video conference will be removed.

For anyone who is not a party to the action, the call-in telephone number is (888) 273-3658, access code: 3912597, and the phone must be on mute. The call must be made five minutes prior to the hearing time. The court will join the call and convene the proceedings. Recording of the proceedings is prohibited.

IT IS SO ORDERED.

DATED this 28th day of May 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE