**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| MELVIN L. DILLON, *et al.*, | |
| Plaintiffs, | 2:20-cv-01436-JAD-VCF |
| vs. | |
| CORE CIVIC, CORRECTION CORP OF AMERICA (NSDC), *et al.,* | **Order** |
| Defendant. | **and** |
| | **Report and Recommendation** |
| | Motion for Docket Sheet (ECF No. 31); Order to Show Cause (ECF No. 29) |

On October 20, 2020, Judge Dorsey entered an order screening plaintiff's Complaint ECF. No. 8. She ordered that the suit may proceed on a single, injunctive relief claim against defendants Koehn, Carvajal and Jefferson to remedy alleged deliberate indifference to unsafe conditions. All other claims and defendants were dismissed with prejudice.

On March 15, 2021, plaintiffs filed a Motion to Amend. ECF No. 19. The proposed amended complaint contains many of the claims Judge Dorsey ordered dismissed with prejudice, seeks to add the Nevada Southern Detention Center, and Damon Hininger, Core Civic's CEO, as additional defendants. The summary description under Count 2 in the proposed amended complaint contains the phrase, "medical negligence," but the allegations in the complaint fail to even proport to allege the elements of a medical negligence claim. No allegations in the amended complaint contain the name Damon Hininger. The Nevada Southern Detention Center is a building and does not have the capacity to be sued.

1

In my order entered May 28, 2021, ECF No. 29, I granted the Motion to Amend, conditioned on plaintiffs showing cause why they should not be sanctioned for violating Judge Dorsey's order. I also stayed the filing of the amended complaint pending further order of the court.

The Show Cause hearing was held on June 18, 2021. I find that plaintiffs showed cause at the hearing for not complying with Judge Dorsey's order: the plaintiffs are pro se and they stated at the show cause hearing that they did not understand that the claims they attempted to reallege had been dismissed with prejudice. For the reasons stated during that hearing, I also find that plaintiffs have stated an adequate basis to attempt to allege a single state law negligence claim in an amended complaint. If plaintiffs wish to file an amended complaint, they must (1) reallege the same single, injunctive relief claim against defendants Koehn, Carvajal and Jefferson to remedy alleged deliberate indifference to unsafe conditions that Judge Dorsey ordered could proceed AND (2) add the single state law negligence claim they proposed at the hearing by July 19, 20201. If the plaintiffs do not file an amended complaint, then this case will proceed on the original complaint as limited by Judge Dorsey's order. I also order that the plaintiffs' motion for a copy of the docket sheet (ECF No. 31) is granted.

Accordingly,

IT IS HEREBY ORDERED that plaintiffs may file an amended complaint that complies with Judge Dorsey's October 20, 2021, order (ECF No. 8) with the addition of a single state law negligence claim, but not adding any other defendants or claims.

IT IS FURTHER ORDERED that the amended complaint must be filed on or before July 19, 2021.

IT IS HEREBY REPORTED AND RECOMMENDED that, if plaintiffs fail to file a timely amended complaint, this case will proceed on the single injunctive-relief claim against defendants Koehn, Carvajal and Jefferson to remedy alleged deliberate indifference to unsafe conditions.

IT IS FURTHER ORDERED that, absent further order of the court, defendants' response the plaintiffs' complaint will be due 14 days after plaintiffs file an amended complaint or, if plaintiffs do not file an amended complaint, 14 days after notice of the court's action on this Report and Recommendation.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED AND RECOMMENDED.

DATED this 18th day of June 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE