**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

MELVIN L. DILLON,

          Plaintiff,

vs.

CORE CIVIC, CORRECTION CORP OF AMERICA (NSDC), *et al.*,

          Defendants.

2:20-cv-01436-JAD-VCF

**ORDER**

Before the court is Plaintiffs' Motion for Appointment of Counsel (ECF No. 37).

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 13253 (9th Cir. 1981).

The court may appoint counsel under 28 U.S.C. § 1915 only under exceptional circumstances. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (citations and internal quotation marks omitted). The court has reviewed the complaint and filings in this case.  Here, the Court does not find exceptional circumstances that warrant the appointment of counsel.

Accordingly,

IT IS HEREBY ORDERED that Plaintiffs' Motion for Appointment of Counsel (ECF No. 37) is DENIED without prejudice.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal

may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

DATED this 3rd day of August, 2021.

_____

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE