# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Melvin L. Dillon and Robert J. Dillon, | Case No.: 2:20-cv-01436-JAD-VCF |
| Plaintiffs | **Order Denying Motion for Class Certification, Granting in Part Motion to Dismiss, Granting Motion to Strike, and Substituting Party** |
| v. | |
| CoreCivic, et al., | [ECF Nos. 38, 39, 40, 41] |
| Defendants | |

Pro se plaintiffs Melvin and Robert Dillon, on behalf of themselves and a class, sue officials at the Nevada Southern Detention Center (NSDC)—where plaintiffs are federal pretrial detainees—for NSDC's insufficient safety protocols throughout the COVID-19 pandemic.[1] I previously screened their complaint and narrowed their claims to a single injunctive-relief claim under the Fifth Amendment's due-process clause against Brian Koehn, then-warden of NSDC; Michael Carvajal, director of the Bureau of Prisons; and U.S. Marshal "Jefferson" to remedy alleged deliberate indifference to unsafe conditions.[2] The magistrate judge later recommended that plaintiffs be permitted to file an amended complaint containing *only* the same injunctive-relief claim and a new state-law negligence claim.[3] I granted that recommendation and cautioned plaintiffs that if they failed to file an amended complaint that complied with my prior order, this case would proceed "only on a single injunctive-relief claim against Koehn, Carvajal, and Jefferson to remedy an alleged deliberate indifference to unsafe conditions."[4]

---

[1] *See* ECF No. 36 (amended complaint).

[2] ECF No. 8.

[3] ECF No. 34.

[4] ECF No. 35.

1    In July 2021, plaintiffs filed an amended complaint, along with a motion for class

2    certification seeking to represent "as many as 500 [NSDC] inmates" who have been affected by

3    the pandemic.[5]  Defendant Koehn moves to dismiss the amended complaint, arguing that it

4    exceeds my previous orders and does not state a claim against him in his individual capacity.[6]

5    Koehn also filed a motion to strike attachments to the amended complaint and a notice of party

6    substitution since he is no longer the warden at NSDC.[7]

7    Because pro se plaintiffs cannot represent a class, I deny plaintiffs' motion for class

8    certification.  Because portions of plaintiffs' amended complaint do not strictly comply with my

9    prior orders, I grant defendants' motion to dismiss to the extent it seeks dismissal of claims other

10   than the single, injunctive-relief claim for deliberate indifference to unsafe conditions.  This case

11   now proceeds on that claim alone.  And I grant defendants' motion to strike plaintiffs' exhibits

12   because they are evidentiary documents that do not form the basis of plaintiffs' claims.  I also

13   substitute NSDC Warden Luis Rosa for Brian Koehn because injunctive-relief claims can only

14   be brought against officials with the authority to implement such relief, and Koehn no longer

15   can.

**Discussion**

16

**I.    Defendant Koehn's motion to dismiss is granted.  [ECF No. 40]**

17

18   Plaintiffs' amended complaint purports to bring two claims against defendants in their

19   official and individual capacities: one for "Equal Protections Under the Law/Due Process,

20   Failure-to-Protect" under the Fourteenth and Fifth Amendments, and one for "Deliberate

21   Indifference/Failure-to-Protect/Cruel and Unusual Punishment" under the Eighth and Fifth

22   _____

     [5] ECF No. 36.

23   [6] ECF No. 40.

     [7] ECF No. 41; ECF No. 39.

2

Amendments.[8]  They seek injunctive relief and hundreds of millions of dollars in damages.[9]  But as I explained in my prior order, pretrial detainees are not protected by the Eighth Amendment's proscription on cruel and unusual punishment, and federal detainees are not protected by the Fourteenth Amendment's equal-protection and due-process clauses.[10]  I also dismissed with prejudice plaintiffs' Fifth Amendment equal-protection claim, explained that plaintiffs are not entitled to damages under the law, and determined that the only requested injunctive relief they can pursue is the appointment of a liaison to implement widespread COVID-19 testing.[11]  Plaintiffs' amended complaint repeats many of the claims and requests I previously dismissed with prejudice.  When granting plaintiffs leave to amend, I warned that failure to comply with my limitations would result in this case proceeding only on the injunctive-relief claim that survived screening.[12]  So, to the extent plaintiffs repeat already dismissed claims or add new federal ones, those claims are dismissed.[13]

I gave plaintiffs leave to add a state-law negligence claim to their amended complaint.[14]  But aside from some cursory uses of the word "negligence" in conjunction with their deliberate-

---

[8] ECF No. 36 at 3, 5.

[9] *Id*. at 10.

[10] *See* ECF No. 8 at 6–11.

[11] *Id*. at 6–8.

[12] ECF No. 35.

[13] In their amended complaint, plaintiffs—for the first time— cursorily mention that the administration's failure to train staff led to its failure to protect inmates from COVID-19.  ECF No. 36 at 6.  Other than stating that the named defendants are responsible for training staff, plaintiffs do not specify what trainings were supposedly omitted or allege any other facts concerning the lack of training at NSDC.  Even liberally construed, these allegations fall far short of stating any particular failure-to-train claim.

[14] ECF No. 34.

1   indifference claims, plaintiffs do not appear to state an independent negligence claim.[15]  And to

2   the extent plaintiffs reference NRS 212.010 and NRS 212.020, those are state criminal statutes

3   that cannot serve as the bases of claims brought by private parties in this civil context.[16]  So I

4   find that the only claim that survives from this amended complaint is an injunctive relief claim

5   under the Fifth Amendment's due-process clause for deliberate indifference to unsafe conditions

6   against the defendants in their official capacities.  So it is on that claim only that this case

7   proceeds.

8   **II.    Plaintiffs' class certification motion is denied.  [ECF No. 38]**

9        Plaintiffs move to certify a class of approximately 500 NSDC inmates that they claim are

10  impacted by NSDC's deliberate indifference to the COVID-19 outbreak.[17]  But "[i]t is well

11  established that the privilege to represent oneself pro se . . . is personal to the litigant and does

12  not extend to other parties or entities."[18]  A pro se litigant thus cannot represent a class.

13  Plaintiffs cite to the Third Circuit's opinion in *Hagan v. Rogers* for the proposition that class

14  allegations should not be dismissed when brought by pro se litigants.[19]  But in *Hagan*, the district

15

16  [15] *See id.* at 3; ECF No. 47 (plaintiffs' response to Koehn's motion to dismiss, discussing only
    the adequacy of their deliberate-indifference claims).

17  [16] *See Collins v. Palczewski*, 841 F. Supp. 333, 340 (D. Nev. 1993) (finding that private plaintiff
18  does not have standing to enforce criminal state statutes); *see also Aldabe v. Aldabe*, 616 F.2d
    1089, 1092 (9th Cir. 1980) (noting that federal criminal provisions "provide no basis for civil
19  liability").

    [17] ECF No. 38.

20  [18] *Simon v. Hartford Life & Accident Ins. Co.*, 546 F.3d 661, 664 (9th Cir. 2008); *see also, e.g.*,
    *C.E. Pop Equity Trust v. U.S.*, 818 F.2d 696, 697 (9th Cir. 1987) (noting that pro se litigant has
21  "no authority to appear as an attorney for others than himself"); *Langan v. U.S. Auto. Assoc.*, 69
    F. Supp. 3d 965, 988–89 (N.D. Cal. 2014) (applying *Simon*'s general prohibition on pro se
22  representation of other parties to the class-action context); *Welch v. Terhune*, 11 F. App'x 747,
    757 (9th Cir. 2001) (unpublished) (holding that the "district court properly determined that
23  [plaintiff], proceeding pro se, could not prosecute the instant action as a class action").

    [19] *Hagan v. Rogers*, 570 F.3d 146 (3d Cir. 2009).

court dismissed a pro se plaintiff's class claims before it considered plaintiffs' motion for

appointment of counsel.[20]   The Third Circuit determined that it was "premature for the [d]istrict

[c]ourt to conclude that [p]laintiff's representation of the class would be inadequate before the

[c]ourt decided whether to appoint counsel."[21]   Here, the magistrate judge has considered and

denied plaintiffs' motion for appointment of counsel, so *Hagan*'s reasoning thus does not

apply.[22]   Because plaintiffs' request for counsel has been denied and they are therefore

proceeding pro se, I deny their motion for class certification.

**III.     Defendant Koehn's motion to strike is granted.  [ECF No. 41]**

Plaintiffs attached two exhibits to their amended complaint: (1) an affidavit by fellow

NSDC detainee "King Isaac Umoren" detailing the prison's alleged failure to follow COVID-19

protocols, and (2) a declaration by Umoren containing further facts concerning COVID-19

outbreaks at NSDC.[23]   Both documents were signed by plaintiffs and several other NSDC

detainees.[24]   Defendant Koehn moves to strike these documents "because they are irrelevant to

plaintiffs' claims, . . . clutter the docket, and confuse the issues."[25]

Under Federal Rule of Civil Procedure 12(f), it is within the district court's discretion to

"strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, and

scandalous matter."[26]   "The function of a 12(f) motion to strike is to avoid the expenditure of

time and money that must arise from litigating spurious issues by dispensing with those issues

---

[20] *Id.* at 159.

[21] *Id.*

[22] *See* ECF No. 45.

[23] ECF No. 36 at 12–34.

[24] *Id.* at 17–19; 31–34.

[25] ECF No. 41 at 1–2.

[26] Fed. R. Civ. P. 12(f).

prior to trial."[27]  "Courts have granted motions to strike exhibits attached to complaints when those exhibits do not qualify as 'written instruments' under Rule 10(c)."[28]  Under Rule 10(c), "[c]ertain written instruments attached to pleadings may be considered part of the pleading."[29]  Written instruments "largely consist[] of documentary evidence, specifically contracts, notes, and other writings on which a party's action or defense is based."[30]  "[E]xhibits containing largely evidentiary material" generally do not qualify as written instruments.[31]  And "[a]ffidavits and declarations . . . are not allowed as pleading exhibits unless they form the basis of the complaint."[32]

Plaintiffs contend that the Umoren affidavit and declaration "serve[] the purpose of supporting the claims" in their amended complaint.[33]  They do not contend that the exhibits form the basis of their complaint; they instead are intended as evidence to support their claims.  Plaintiffs' exhibits are thus not properly filed as part of their amended complaint and should be stricken.  Allowing the exhibits to remain attached to the complaint would prejudice defendants by requiring response to allegations not relevant to the single injunctive-relief claim remaining in this case.  If plaintiffs believe these exhibits offer evidentiary support for their claim, they should

---

[27] *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).

[28] *See, e.g.*, *Montgomery*, 2009 WL 1034518, at *3; *DeMarco*, 149 F. Supp. 2d at 1222; 5C Wright & Miller, Federal Practice & Procedure § 1327 (4th ed) ("Lengthy or numerous exhibits containing extraneous or evidentiary materials should not be attached to the pleadings.").

[29] *U.S. v. Ritche*, 342 F.3d 903, 908 (9th Cir. 2003) (citing Fed. R. Civ. P. 10(c)).

[30] *DeMarco v. DepoTech Corp.*, 149 F. Supp. 2d 1212, 1220 (S.D. Cal. 2001) (quoting *Rose v. Bartle*, 871 F.2d 331, 339 n.3 (3d Cir. 1989)) (striking affidavit of retained expert containing "evidentiary matter").

[31] *Montgomery v. Buege*, 2009 WL 1034518, at *3 (E.D. Cal. Apr. 16, 2009).

[32] *Ritchie*, 342 F.3d at 908.

[33] ECF No. 48 at 2.

1  serve them on the opposing parties in response to relevant discovery requests.[34]  Evidentiary

2  support should only be filed with the court when relevant to a dispositive motion (like a motion

3  for summary judgment), at trial, or in response to a court order requesting such documents.[35]

4  **IV.  Warden Luis Rosa is substituted for Brian Koehn.**

5        Defendant Koehn filed a notice of party substitution, stating that Luis Rosa has replaced

6  him as Warden of NSDC.[36]  Because Koehn is sued in his official capacity for injunctive relief,

7  he contends that the new warden should replace him as the proper defendant in this matter.[37]

8  Plaintiffs oppose, arguing that Koehn should remain as a defendant because he was the warden

9  "at the time of the contested constitutional violations."[38]  But parties sued in their official

10 capacities for injunctive relief must have the authority to implement the relief sought.[39]  Because

11 Koehn is no longer NSDC's warden, he cannot implement the injuctive relief plaintiffs seek.  It

12 is proper to substitute the party who can: current NSDC Warden Luis Rosa.  I therefore terminate

13 Brian Koehn as a party and substitute Luis Rosa in his place.

14                                   **Conclusion**

15        IT IS THEREFORE ORDERED that Brian Koehn's motion to dismiss **[ECF No. 40] is**

16 **GRANTED in part**.  This case proceeds only on the injunction claim for a Fifth Amendment

17

18 [34] *See* L.R. 26-7 (stating that discovery papers "must be served on the party who served the discovery request").

19 [35] Fed. R. Civ. P. 5(d)(1)(A) (stating that discovery requests and responses "must not be filed until they are used in the proceeding or the court orders filing").

20 [36] ECF No. 39.

21 [37] *Id*. at 1.

22 [38] ECF No. 49 at 1.

[39] *See Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013) (to
23 proceed on an injunctive relief claim, "a plaintiff need only identify the law or policy challenged as a constitutional violation and *name the official within the entity who can appropriately respond to injunctive relief*" (emphasis added)).

due-process violation against defendants Brian Koehn, Michael Carvajal, and M. Jefferson based on alleged deliberate indifferent to unsafe conditions, which seeks the appointment of a liaison to be assigned to immediately have all inmates and staff tested for COVID-19 as a tool to protect against the COVID-19 virus.  All other claims are dismissed.

IT IS FURTHER ORDERED that plaintiffs' motion for class certification **[ECF No. 38] is DENIED**.

IT IS FURTHER ORDERED that Brian Koehn's motion to strike **[ECF No. 41] is GRANTED**.  The Clerk of Court is directed to **STRIKE pages 12–34 from plaintiffs' amended complaint [ECF No. 36]**.

IT IS FURTHER ORDERED that the Clerk of Court is directed to **SUBSTITUTE Luis Rosa for Defendant Brian Koehn**.

_____
U.S. District Judge Jennifer A. Dorsey
March 1, 2022