# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

MELVIN L. DILLON AND ROBERT J. DILLON,

                    Plaintiff(s),

v.

CORECIVIC, ET AL.,

                    Defendant(s).

2:20-cv-01436-ART-VCF

**ORDER DENYING ECF No. 56 AND ORDER TO SHOW CAUSE**

Before this court is plaintiffs' motion for status check and docket sheet.  (ECF NO. 56).  Plaintiffs are asking the court on how to proceed in this matter.  The court cannot give legal advice.  Plaintiffs have stated that they have not received filings since July of 2021.

Plaintiffs filed a complaint on August 3, 2020. (ECF NO. 1).  On July 9, 2021, Plaintiffs filed an amended complaint.  (ECF No. 36).  The time to perfect service of process has passed on the two remaining defendants Michael Carvajal and M. Jefferson.

Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." "The 90-day time limit imposed by Rule 4(m) expires 90 days after the first complaint in which the defendant is named..." is filed. *Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006)(emphasis added). *Id.* The district court may extend time for service of process retroactively after the 90-day service period has expired. *See Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir.2003).

The time to effectuate service upon the Defendants Michael Carvajal and M. Jefferson has expired, and Plaintiffs must make a showing of good cause or excusable neglect in order for the court to extend

this deadline for an appropriate period. *See* Fed. R. Civ. P. 4(m); *Lemoge*, 587 F.3d at 1198; *Mann*, 324 F.3d at 1090 (the court may extend the deadline for service of process retroactively).

The court recognizes that Plaintiffs are appearing pro se in this action. Nevertheless, they are still required to follow the rules and orders of the court and should familiarize themselves with the Federal Rules of Civil Procedure as well as the Local Rules of this court. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986) (holding that pro se parties are not excused from following the rules and orders of the court). Pursuant to Local Rule IA 11-8, "[t]he Court may, after notice and opportunity to be heard, impose any and all appropriate sanctions on an attorney or party who, without just cause: (a) Fails to appear when required for pretrial conference, argument on motion, or trial; (b) Fails to prepare for a presentation to the Court; (c) Fails to comply with these Rules; or, (d) Fails to comply with any order of this Court."

Here, plaintiffs have failed to comply with Fed. R. Civ. P. 4(m).

Accordingly,

IT IS HEREBY ORDERED that plaintiffs must file a response showing cause as to why they should not be sanctioned for failing to comply with Fed. R. Civ. P. 4(m), on or before June 3, 2022. Should plaintiffs fail to file a response as ordered, the undersigned Magistrate Judge may impose sanctions against plaintiffs, which may include monetary sanctions or a report and recommendation that this case be dismissed.

IT IS FURTHER ORDERED that plaintiff's motion for status check and docket sheet (ECF NO. 56) is DENIED. The Clerk of Court is directed to mail a copy of the docket sheet to plaintiffs.

DATED this 17th day of May 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

2